UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KAYLA HOUCHINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| GIBSON GROUP CONSULTING, ) | |
| LLC d/b/a DECISIONPATH HR ) | |
| ) | |
| Defendant. ) | |
| / | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, KAYLA HOUCHINS (hereinafter "Plaintiff" or "Houchins"), and files her Complaint against Defendant GIBSON GROUP CONSULTING, LLC d/b/a DecisionPathHR (hereinafter "Defendant" or "Gibson"), and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII") and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (hereinafter the "FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and retaliation against Plaintiff because of her sex and pregnancy, as well as Defendant's retaliation against Plaintiff for requesting leave under the Family and Medical Leave Act, leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

4. Plaintiff, Houchins, is a citizen of the United States, and was at all times material, a resident of the state of South Carolina.

5. At all times relevant, Plaintiff worked for Defendant in the state of North Carolina at its 8720 Red Oak Blvd #300, Charlotte, North Carolina 28217 location.

6. Defendant, Gibson, is a Domestic For-Profit Corporation with its principal office in Charlotte, North Carolina.

7. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On March 5, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, pregnancy, disability, and retaliation.

10. Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

11. On October 1, 2020, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

12. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff is Female.

14. For approximately one year and seven months Plaintiff worked for Defendant as an On-site Recruiter.

15. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

16. Around February 2019, Plaintiff verbally informed Kelly Ribaudo, Human Resources Manager, of her pregnancy.

17. In late July 2019, Plaintiff spoke to Allison Lombard Human Resources Manager, about her pregnancy and upcoming maternity leave. Plaintiff informed Ms. Lombard that she planned to return to work on January 2, 2020, following her maternity leave. During this conversation, Plaintiff requested FMLA forms from Ms. Lombard.

18. Plaintiff returned the completed FMLA forms to Ms. Lombard in early August 2019. The forms confirmed Plaintiff's anticipated return to work date to be January 2, 2020.

19. Plaintiff began her FMLA leave on or about September 20, 2019.

20. On or about December 10, 2019, Plaintiff called Ms. Lombard to discuss her return to work and confirm that her January 2, 2020, return to work date had not changed.

21. Approximately one week later, Plaintiff received a call from Ms. Lombard and Nick Fueller, Sales Manager. During this call, Ms. Lombard and Mr. Fueller terminated Plaintiff's employment.

22. Defendant terminated Plaintiff's employment mere weeks before she was set to return from FMLA.

23. Defendant's termination of Plaintiff's employment in the midst of her FMLA leave interfered with Plaintiff's FMLA leave.

24. Furthermore, upon information and belief, Defendant terminated another pregnant employee, Johany Negron, in September 2019.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
## Interference in Violation of the FMLA

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

28. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

29. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

30. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

31. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

32. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

33. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

34. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

35. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

**Count II:**
**Retaliation in Violation of the FMLA**

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

37. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

38. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

39. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

40. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

41. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

42. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count III:
**Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978**

43. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-27 above.

44. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

45. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

## Count IV:
**Retaliation in Violation of Title VII**

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-27 above.

48. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

49. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

50. Defendant's conduct violated Title VII.

51. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
North Carolina Bar # 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*